**Carmen E. PEREZ, Plaintiff,**

v.

**SWISS CHALET, INC., Defendant.**

**No. CIV.02–2749(SEC–JAC).**

United States District Court,
D. Puerto Rico.

Jan. 15, 2004.

César H. Soto Cintrón, San Juan, PR, for Plaintiff.

Robert A. Fleming, Old San Juan, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Above defendant's Motion for Summary Judgment, the attached Statement of Material Facts as to Which There are No Genuine Issues and plaintiff's Opposition to Defendant's Motion for Summary Judgment with its attached Statements of Contested Facts are now before this Magistrate (D.E.# 11, # 24). It is also under consideration defendant's Response and Counterstatements to Plaintiffs's Statement of Additional Uncontested Facts (D.E.# 34).

Plaintiff had filed this claim against the defendant, her former employer, indicating she had worked therein from December 1965 until January 19, 2001, when her employment was terminated. At the time of her dismissal, plaintiff was the Director of Human Resources on a part-time basis. Plaintiff claims not only a pattern of sex discrimination acts throughout the years she was employed, but that her dismissal, on January of 2001, was due to age in violation of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 621 et. seq.

Defendant has raised that plaintiff's dismissal was due to economic and reorganization reasons after the Swiss Chalet, Inc., sold its hotel premises and its restaurant concession had closed. Plaintiff submitted defendant's proffered reasons are an excuse since, notwithstanding alleged economic reasons, the defendant made additional hiring in its Accounting Department, and her duties and services were still needed and were thus assigned to a much younger female employee. Some other human resources duties were carried out by the General Manager when three new management positions were created that allowed the General Manager to delegate duties and have time for the personnel tasks undertaken.

■ The allegations of a sex discriminatory trend by the defendant are summarized by actions after plaintiff, who was initially appointed in 1965 as a secretary in the Human Relations Department, was designated in 1981 as Personnel and Payroll Manager. Plaintiff was the only female manager at the time. She avers that she was treated very different from other male managers. Succinctly, she had no personal secretary; was the only manager laid-off during a strike at the hotel and upon conclusion of the strike her hours were reduced to a part-time of 20 hours a week; her office space and facilities were the worst being forced to do her own cleaning and maintenance; and she had to prepare coffee for Union personnel. Although most of these claims during a span of almost twenty-years may be time-barred, these disparate treatment might be used to shed some light on the employment decisions undertaken to justify plain-

tiff's dismissal and to further examine whether there are genuine factual controversies that would void summary judgment.[1]

It is uncontested that plaintiff is a female who meets the age requirements under ADEA. Defendant is a corporation engaged in the hospitality food services industry that operates the Best Western Pierre Hotel at 105 De Diego Avenue in Santurce, Puerto Rico. From 1979 through 2000 Mr. Gustavo Vélez was the General Manager of the hotel.

It is a contested issue whether plaintiff was the only manager who was laid-off during the labor strike on September 2, 1983, and was the only manager who was forced to work part-time in the hotel. After the strike was over, plaintiff's work hours were not reinstated. The contention arises not on the above facts but on whether the above workhours frame was as a result that she held a part-time job with the defendant and held another part-time job with the restaurant operations that had ceased to be part of the hotel operations.

It is uncontested that Mr. Eduardo Ortiz was named General Manager of the hotel in September 18, 2000, after Mr. Gustavo Vélez resigned when the new owners took over the facilities. It is undisputed that there was no reorganization plan and no organizational chart as to each of the parties duties and functions.

It is contested that upon his arrival, Mr. Eduardo Ortiz found the property deteriorated, the new owners had attached a mortgage and additional funds were needed. Contrary to these defendant's assertion, plaintiff states that the hotel had financial profit at the time and there is no data to justify the need for funds or for reduction of the costs. In this enlightened

path, the burden shifts to the employer to articulate a non-discriminatory reason for termination. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254–255, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Serrano–Cruz v. DFI P.R., Inc.,* 109 F.3d 23 (1st Cir.1997).

Defendant contends that upon plaintiff's dismissal her functions and work were handled by Mr. Ortiz and by the hotel Comptroller, Ms. Jean Marie Cartagena, which saved over $16,000 in payroll. Mr. Ortiz negotiated the most recent collective bargaining agreement and up to the present manages the labor and union relations in the hotel. Ms. Cartagena, who previously was in charge of the hotel accounting processes and the Comptroller before Mr. Ortiz became the General Manager, was assigned administrative duties of the human relations field, in addition to her other duties. These entailed the posting of job openings, employment verification, hiring, payroll, medical plan, vacation, and sick leave issues.

Neither Ms. Cartagena nor Mr. Ortiz received pay increases as a result of their additional duties. Employees with human resources issues met with one of them. Changes in the Human Resource Department allowed automation of other tasks and/or were reassigned to the department heads.

It is contested that the number of employees was reduced. Plaintiff avers that after her dismissal there was an increase. Managerial positions created included a Sales Manager, a Revenue Manager, and Facilities and Maintenance position. Defendant claims the list of employees showed less employees than in the year 2000; that the number of Assistant Man-

---

**1.** Systemic violations to ADEA occurs where an employer maintains a discriminatory policy, responsible for multiple discriminatory acts that fall outside of the limitation period, if the policy or practice continues into the limitation period. *Rivera–Rodríguez v. Frito Lay,* 265 F.3d 15 (1st Cir.2001).

agers was reduced from six to four; and that two positions were eliminated in the Purchasing and Paymaster area of the Accounting Department, in addition to eliminating the staff who served the complimentary continental breakfast.

■ Once the employer has articulated legitimate, nondiscriminatory reason for employee's termination, the Court is required to decide whether, viewing aggregate package of proof offered by the employee and taking all inferences in her favor, she had raised genuine issue of fact as to whether termination was motivated by discrimination. *Santiago–Ramos v. Centennial P.R. Wireless Corp.* 217 F.3d 46 (1st Cir.2000). If there is sufficient evidence in the record from which a jury could infer that an employer's proffered reasons for terminating an employee were pretextual and that it made its decision because of discriminatory animus, summary judgment is not appropriate. *Santiago–Ramos v. Centennial P.R. Wireless Corp., supra.*

■ Evidence constituting a *prima facie* case, along with evidence of pretext, can defeat summary judgment provided that the evidence is adequate to enable a rational factfinder reasonably to infer unlawful discrimination was a determinative factor in the adverse employment action. *Rodríguez–Cuevas v. Wal–Mart Stores, Inc.,* 181 F.3d 15, 22, n. 5 (1st Cir.1999).

■ Courts should exercise particular caution before granting summary judgment for employers in discrimination actions on such issues as pretext, motive, and intent. Evidence of a company's general atmosphere of discrimination may be considered along with any other evidence bearing on motive in deciding whether a plaintiff has met her burden of showing that the defendants' reasons are pretexts. *Santiago–Ramos v. Centennial P.R. Wireless Corp., supra.*

■ ADEA provisions make it unlawful for an employer to discriminate against an employee because of his or her age. 29 U.S.C. §§ 623(a)(1), 633(a). In ADEA discrimination lawsuits, a plaintiff bears the ultimate burden of proving that her age was the determinative factor in the discharge, that is, that she would not have been fired but for her age. *Pages–Cahue v. Iberia Lineas Aéreas de España,* 82 F.3d 533, 536 (1st Cir.1996).

■ When a plaintiff does not produce any direct evidence of age discrimination, cases are governed initially by the burden-shifting framework established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5 at 8 (1st Cir.1990). The plaintiff must initially make a *prima facie* showing of discrimination. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. 1817; *Medina–Muñoz,* 896 F.2d at 8. This requires that the plaintiff shows that: (1) she was at least forty (40) years of age; (2) she met the employer's legitimate job performance expectations; (3) she experienced an adverse employment action; and (4) she was replaced by a younger person with roughly equivalent job qualifications. *Shorette v. Rite Aid of Maine, Inc.,* 155 F.3d 8, 12 (1st Cir.1998). If the plaintiff is able to present a *prima facie* case, the employer must then articulate some valid, non-discriminatory reason for the dismissal. *See Medina–Muñoz,* 896 F.2d at 9. As long as the employer proffers such a reason, the inference raised by plaintiff's *prima facie* case vanishes. *Pages–Cahue,* 82 F.3d at 536.

■ In the final round of shifting burdens, it is up to the plaintiff, unassisted by the original presumption, to show that the employer's stated reason "was but a pretext for age discrimination". *Ramos v. Davis & Geck, Inc.,* 167 F.3d 727, 734 (1st

Cir.1999). It must be kept in mind that the court's role "is not to second guess the business decisions of an employer, imposing [the Court's] subjective judgments of which person would best fulfill the responsibilities of a certain job." *Rossy v. Roche Products, Inc.*, 880 F.2d 621, 625 (1st Cir. 1989).

 In the present case, the plaintiff swiftly meets initially the three (3) of the total four (4) requirements needed to establish a *prima facie* case of age discrimination. She was over forty (40) years of age at the time of the events; her performance had generally been good; and she was the object of an adverse employment action when she was dismissed. As to the fourth (4th) requirement, that is, she was replaced by younger persons or persons with roughly her same job qualifications, there are genuine issues of material fact that need to be established at trial, yet taking all the evidence in the light more favorable to the non-moving party, there is evidence that someone younger was given plaintiff's personnel management tasks. Plaintiff has also averred that the employer had a continuing need for the services provided by the position from which plaintiff was discharged. *Suárez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 (1st Cir.2000).

Thus, assuming that plaintiff having established her *prima facie* case, defendant then submits evidence of having a valid nondiscriminatory reason for her dismissal due to financial and/or economic reasons. Still, plaintiff has submitted evidence tending to show that the defendant's proffered reasons may be pretextual. As such, the employee's burden to prove that the employer's proffered reasons are mere pretext for discrimination merges with the ultimate burden of persuading the trier that the employee has been the victim of intentional discrimination in violation of ADEA. *Estades Negrón v. Assoc. Corp. of N. Am.*, 345 F.3d 25 (1st Cir.2003).

 Plaintiff not only provides her own perception about her qualification and those of the proffered substituting younger employee, but has shown an undisputed and consistent efficient and excellent performance record. The economic reasons to eliminate her position are not clearly sustainable by the defendant's evidence and somewhat rebutted by plaintiff's evidence, but as controverted, should be subject of proper assessment by the trier of facts. *Meléndez–Arroyo v. Cutler Hammer P.R., Inc.*, 273 F.3d 30 (1st Cir.2001). The question would be whether the evidence, taken as a whole, creates a factual issue on whether the employer's actions were motivated by age. *Meléndez–Arroyo, supra,* citing *Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).

Having analyzed all the above issues of the present case in the light most favorable to the non-moving party, this Magistrate concludes that there are genuine issues of material facts for trial. Thus, the motion filed by defendant does not warrant this case to be appropriately resolved by means of summary judgment.

The motion for summary judgment IS DENIED.

IT IS SO ORDERED.